# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JOSEPH L. COX,
        Plaintiff,

v.                                                                                       Case No. 07C0335

RICHARD A. SCHNEITER, MATT FRANK,
JAYNE HACBARTH and RON EDWARDS.
        Defendant.

## ORDER

On April 10, 2007, Joseph Cox, a Wisconsin state prisoner currently incarcerated at the Wisconsin Secure Program Facility (WSPF), filed this action under 42 U.S.C. § 1983.

Plaintiff, who is proceeding pro se, may have intended to file a petition for a writ of habeas corpus under 28 U.S.C. § 2254, rather than a civil rights action. Plaintiff's statement of claim is utterly unintelligible, though it seems to have something to do with a stayed sentence and a sentence of probation. In the part of the form asking for a legal theory, plaintiff wrote: "Where habeas corpus petitioner filed notice of appeal to court of appeals, the finality of order granting relief would be stayed 259 f.supp 881 affirmed." (Compl. at 6.) In the part of the form asking for the request for relief, plaintiff wrote:

> On Count II imposed and stayed sentence and probation for relief, in society on the streets, Action taken with fair decision by both judges determination of stayed and probation sets forth basis of its conclusions and reasoning of stayed and probation and not proceeded with major deficiencies in form should not invalidate its order for Relief, <u>back into my society release me, immediately</u>.

(Id. at 7 (emphasis added).)  Plaintiff attempted to pay a $5 filing fee – the correct amount for a habeas petitioner.  After the clerk of court informed plaintiff that he must pay a $350 fee to file a civil action, plaintiff wrote two letters to the clerk.  One letter refers to his complaint as a "petition" and states that he seeks "determination of entitlement to immediate release or speedier release." (Letter filed March 27, 2007.)  The other states, in part: "Treatment of civil rights complaints as habeas corpus purported civil rights complaint which in essence seeks habeas corpus relief should be treated as an application for habeas corpus." (Letter filed April 4, 2007.)

I will order plaintiff to notify the court within thirty (30) days if he wants me to recharacterize his complaint as a petition for a writ of habeas corpus. I note that a civil rights action challenges conditions of confinement, while a habeas corpus action challenges the fact or duration of confinement.  If plaintiff wishes me to recharacterize his complaint as a petition for habeas corpus, I must warn him that this will have certain consequences.  For example, prisoners are, for the most part, limited to bringing only one habeas corpus petition.  If the first petition is denied, second or successive petitions are not allowed except under very limited circumstances.  See 28 U.S.C. § 2244(b)(2).  In addition, to succeed on the merits, plaintiff must show that the state's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or . . . was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

In addition, regardless of whether this action proceeds as a civil rights action or is recharacterized as a habeas corpus action, I will order plaintiff to file an amended

2

complaint (or petition) because I do not understand plaintiff's current complaint.[1] In plaintiff's amended complaint (or petition), he should briefly and clearly state each separate factual allegation that he believes entitles him to relief. He should also briefly and clearly describe the relief that he seeks. I will give plaintiff forty-five (45) days to file this amended document.

Finally, if plaintiff decides that he does not want to proceed with this action under any legal theory, he may voluntarily dismiss this action within forty-five (45) days with no penalties.

If petitioner fails to file anything within the prescribed time, I will assume that he intended to file a civil rights complaint, calculate his initial partial filing fee under the Prisoner Litigation Reform Act and dismiss his action with prejudice.

**THEREFORE, IT IS ORDERED** that plaintiff shall inform me within thirty (30) days if he wants me to recharacterize his civil rights complaint as a petition for habeas corpus.

**IT IS FURTHER ORDERED** that plaintiff shall file an amended complaint (or amended petition, if he seeks habeas relief) within forty-five (45) days. This amended document should state each fact that plaintiff believes entitles him to relief and should describe the relief that he seeks.

Dated at Milwaukee, Wisconsin, this 12 day of April, 2007.

/s_____
LYNN ADELMAN
District Judge

---

[1] If plaintiff wants me to recharacterize this as a habeas corpus action, he should file his amended petition on the proper form for a habeas corpus petitioner.

3